IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JULIUS MARKS, # 191 094, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:13-CV-357-WHA |
| | ) | [WO] |
| KENNETH SCONYERS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Julius Marks, an inmate in the custody of the Alabama Department of Corrections.[1] After due consideration, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Julius Marks be DENIED, and that this action be DISMISSED with prejudice.

### I. BACKGROUND

On June 10, 2011, Petitioner entered a guilty plea on eleven counts of unlawful breaking and entering a vehicle in violation of Alabama Code § 13A-8-11. The trial court sentenced Petitioner, as a habitual offender, to a 20-year term of imprisonment on each count with all sentences to run concurrently. Docs. 1 & 7.

Petitioner filed a direct appeal of his conviction. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on January 27, 2012. Petitioner filed no application for rehearing. The appellate court entered a certificate of judgment on January 27, 2012. Docs. 7-2 to

---

[1] Document numbers ("Doc. #") are those assigned by the Clerk of Court in this habeas action. References to exhibits ("Exh.") are to those included with Respondents' Answer, Doc. # 7. All page references are to those assigned by CM/ECF.

7-4. Petitioner filed a Rule 32 petition with the trial court on March 5, 2012. He presented these issues:

    1.    The trial court erred in accepting Petitioner's guilty plea when it knew he did not voluntarily enter the plea in his best interest.

    2.    Trial counsel was ineffective for failing to fully explain to Petitioner the trial court's guilty plea colloquy.

    3.    The trial court erred in accepting evidence of testimonial discourse to enhance Petitioner's sentence.

Doc. 7-5.

On August 29, 2012, the trial court summarily dismissed the Rule 32 petition. The Alabama Court of Criminal Appeals affirmed the lower court's decision on November 30, 2012. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on February 15, 2013, and issued a certificate of judgment on the same day. Docs. 7-6 to 7-11.

Petitioner filed this application for habeas corpus relief under 28 U.S.C. § 2254 on May 20, 2013,[2] claiming:

    1.    The trial court erred when it accepted Petitioner's guilty plea knowing it was not voluntarily made in his best interest;

    2.    Trial counsel was ineffective for failing to fully explain to Petitioner the guilty plea colloquy given by the trial court;

    3.    The trial court erred by accepting evidence of testimonial discourse to enhance Petitioner's sentence in violation of *Ala. Code* § 13A-5-9.

Doc. 1.

---

[2] Although the present petition was stamped "filed" in this court on May 24, 2013, the petition was signed by Petitioner on May 20, 2013. A *pro se* inmate's petition is deemed to be filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Marks] signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). For this reason, the court considers May 20, 2013 to be the date of filing.

## II.  DISCUSSION

A. **Disposition of Claims**

Respondents filed an answer to the petition. Doc. 7.  They contend that the present habeas corpus petition is due to be denied because the claims presented by Petitioner provide no basis for relief.  Specifically, Respondents maintain that Petitioner's allegations were properly adjudicated on the merits by the state courts. *See Williams v. Taylor*, 529 U.S. 362, 404–05 (2000).  To the extent Petitioner challenges the enhancement of his sentence based on a prior conviction, Respondents argue that the claim is not cognizable on federal habeas review. *See Wilcox v. Ford*, 813 F.2d 1140, 1145 n.7 (11th Cir. 1987); *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988) (holding that a "state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief").  Petitioner did not respond to Respondents' answer despite being granted an opportunity to do so. Doc. 10.  After reviewing the § 2254 petition and Respondents' answer, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied under Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

B. **Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") significantly limits the circumstances under which a habeas petitioner may obtain relief.  To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2);[3] *see Williams*, 529 U.S. at 404–13.  A state court's decision is "contrary

---

[3] Section 2254(d) provides:

3

to" federal law only if (1) it fails to apply the correct controlling authority or (2) it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Id*. at 405–06. A state court's decision can involve an "unreasonable application" of federal law only if it (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. Therefore, "[f]ederal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409).

Under 28 U.S.C. § 2254(d)(2), federal courts are directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v.*

---

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim—
    (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or
    (2) resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.
28 U.S.C. § 2254(d).

4

*Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's summary rejection of a federal constitutional issue qualifies as an adjudication on the merits under § 2254(d) so that the summary rejection is entitled to the same deference as a written opinion. *See Wright v. Sec. of Dept. of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002).

**C.     Issues**

  *1.     Challenge to the Voluntariness of the Guilty Plea*

Petitioner claims the trial court erred in accepting his plea of guilty because the court knew the plea was not made voluntarily in the best interest of Petitioner. Petitioner provides little support for this claim other than referencing these excerpts from the record of the guilty plea transcript:

> The Court: Okay, did you break into those cars on the lot?
> Defendant: I didn't break into them. I just opened the door up.
> … [L]ater in the hearing…
> The Court: Do you recommend I accept the plea?
> Mr. Kidd: I do, your Honor.

Doc. 1 at 4.

Petitioner presented this same argument, in its totality, in his Rule 32 petition. On appeal, the Alabama Court of Criminal Appeals noted this argument was "clearly insufficient to satisfy his burden of pleading." Doc. 7-8 at 5. Even if Petitioner had satisfied his burden of pleading, the appellate court found the claim to be without merit. Characterizing Petitioner's argument on appeal regarding the voluntariness of his guilty plea as a claim that the circuit court failed to "undertake a factual inquiry to determine if the plea is involuntary," the Court of Criminal Appeals

determined:

> The record on direct appeal, however, clearly refutes [Petitioner's] claim that the circuit court <u>knew</u> that [Petitioner's] plea was involuntary and that it did not undertake a factual inquiry. See McNabb v. State, 991 So. 2d 313, 320 (Ala. Crim. App. 2007) (holding that "because [McNabb's] claim was clearly refuted by the record, summary denial was proper pursuant to Rule 32.7(d), Ala. R. Crim. P.")

Doc. 7-8 at 6. From its review of Petitioner's guilty plea transcript, the appellate court found the trial court did not err in summarily dismissing Petitioner's Rule 32 challenge to the voluntariness of his guilty plea where the trial court had a factual basis for accepting Petitioner's plea and nothing in the record demonstrated the trial court knew Petitioner's plea was involuntary. Doc. 7-8 at 6–9. Because Petitioner's challenge to the constitutionality of his guilty plea was adjudicated adversely to him by the state courts, this court reviews the claim in accordance with the directives in 28 U.S.C. § 2254(d)(1) and (2). *See Williams*, 529 U.S. at 403.

To satisfy the requirements of due process, a guilty plea must be voluntary, intelligent, and uncoerced. *Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969); *United States v. Moriarity*, 429 F.3d 1012, 1019 (11th Cir. 2005). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted). Thus, there is no violation of the Constitution where a guilty plea results from an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766 (1970).

The state courts did not decide Petitioner's "case differently than [the Supreme] Court has [in a case based] on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412. Thus, this court will decide whether the state court's rejection of Petitioner's claim challenging the constitutionality of his guilty plea "resulted in a decision that was contrary to, or involved an

6

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

"In order for a guilty plea to be entered knowingly and intelligently, the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available." *LoConte v. Dugger*, 847 F.2d 745, 751 (11th Cir. 1988) (citing *Boykin*, 395 U.S. at 244; *Gaddy v. Linahan*, 780 F.2d 935 (11th Cir. 1986)). "Although the defendant must be informed about the nature of the offense and the elements of the crime, he need not receive this information at the plea hearing itself. Rather, a guilty plea may be knowingly and intelligently made on the basis of detailed information received on occasions before the plea hearing." *LoConte*, 847 F.2d at 751 (citing *Gaddy*, 780 F.2d 935; *Moore v. Balkcom*, 716 F.2d 1511 (11th Cir. 1983), *cert. denied*, 465 U.S. 1084 (1984)). "[T]he representations of the defendant, his lawyer, and the prosecutor at [the] plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

The record contains the guilty-plea colloquy in which Petitioner acknowledged that he had read and understood his rights in entering his plea. Doc. 7-12 at 5. The trial court ascertained that Petitioner signed an *Ireland*[4] form and had discussed the contents of the form with his attorney and that he understood that his plea would be for eleven counts of unlawful breaking and entering of a vehicle. Doc. 7-12 at 5–6. The trial court advised Petitioner of the range of punishment including enhancements to the range of punishment if Petitioner had prior convictions. Doc. 7-12

---

[4] *Ireland v. State*, 250 So.2d 602 (1971).

at 4. Petitioner acknowledged that he understood the nature of the charges, his right to a trial by jury, and the range of punishment. Doc. 7-12 at 5. Petitioner further acknowledged that he had no questions about his rights or the range of punishment as contained in the explanation of rights form, and that the court would set punishment within the identified limit. Doc. 7-14 at 6; *see Stinson v. Wainwright*, 710 F.2d 743 (11th Cir. 1983) (holding that the state court records need only contain representations that defense counsel has explained to the defendant the nature and elements of the offense).

Petitioner's claim challenging the voluntariness of his guilty plea was decided adversely to him by the state courts. A thorough review of the transcripts, state court opinions, and controlling federal law demonstrate these decisions were not contrary to clearly established federal law, were objectively reasonable, and also represented a reasonable determination of the facts in light of the evidence presented. Petitioner is, therefore, entitled to no relief on his claim challenging the voluntariness of his guilty plea. 28 U.S.C. § 2254(d)(1).

    *2.    Ineffective Assistance of Trial Counsel*

Petitioner claims his trial counsel failed to explain the colloquy given by the trial court prior to entering his guilty plea on April 19, 2011—specifically, that trial counsel did not explain the guilty plea colloquy and did not "read him his right to plead guilty." Doc. 1-1 at 5.

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. Petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel. First, Petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. Once this threshold test is met, Petitioner must then show that the

deficient performance of his counsel prejudiced his defense. *Id*. at 687. To establish prejudice, Petitioner must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive Petitioner of any substantive or procedural right to which the law entitles him. *Williams*, 529 U.S. at 393 n.17. There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

In the guilty plea context, a modified *Strickland* test is used: "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 US. at 59. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To be entitled to collateral relief, a defendant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *McMann*, 397 U.S. at 774.

In addressing this claim, the Alabama Court of Criminal Appeals found that Petitioner's claim appeared to be based on his mistaken belief that his attorney, not the court, must conduct the guilty plea colloquy:

> Rule 14.4(a), Ala. R. Crim. P., provides, in part, that "the <u>court</u> shall not accept a plea of guilty without first addressing the defendant personally in the presence of

9

>counsel in open court . . . ." (Emphasis added).  Thus, it is the circuit court—not trial counsel—that is required to conduct the guilty-plea colloquy.
>
>[Petitioner] does not allege that the circuit court failed to conduct a guilty-plea colloquy as required by Rule 14.4, Ala. R. Crim. P., and the record on direct appeal establishes that the circuit court did, in fact, conduct a colloquy. (Record on Direct Appeal, R. 2-9.)
>
>Furthermore, the record on direct appeal contains an explanation-of-rights-and-plea-of-guilty form signed by [Petitioner], [Petitioner's] counsel, and the circuit court. (Record on Direct Appeal, C. 31-32.) During the guilty-plea colloquy the following exchange occurred:
>
>>"THE COURT: I have before me what is called [an explanation-of-rights-and-plea-of-guilty form].  And is that your signature on the form?
>>
>>"[Petitioner]: Yes.
>>
>>"THE COURT: Did you go over the contents of the form with your lawyer before you signed it?  Did y'all go over this form?
>>
>>"[Petitioner]: Yes, we went over it."

Doc. 7-8 at 10.  Concluding that the record clearly refuted Petitioner's claim that trial counsel provided ineffective assistance, the Court of Criminal Appeals held that the trial court did not err in summarily dismissing this claim. Doc. 7-8 at 10.

The state courts did not decide Petitioner's claim of ineffective assistance of counsel "differently than [the Supreme] Court has [in a case based] on a set of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412.  Consequently, the state appellate court's rejection of the ineffective assistance of counsel claim was not contrary to Supreme Court authority.  This court must therefore determine whether the Alabama Court of Criminal Appeal's decision to reject the ineffective assistance of counsel claim was an unreasonable application of the *Strickland* standard.

>In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been

10

>deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright*, 278 F.3d at 1256.

The court cannot find from the record that the actions of trial counsel unduly prejudiced Petitioner's decision to plead guilty or that his performance during the guilty plea proceedings was in any way deficient. Based on the record, and in light of this court's determination that Petitioner's guilty plea was constitutionally valid, he has failed to show the harm necessary to establish that trial counsel performed deficiently. *See Strickland*, 466 U.S. at 687–88; *Hill*, 474 U.S. at 58–59. The court, therefore, concludes that the state court's rejection of Petitioner's ineffective assistance of counsel claim was objectively reasonable. *See Williams*, 529 U.S. 411. This decision was likewise a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). Consequently, Petitioner is not entitled to habeas relief on his claim of ineffective assistance of trial counsel.

### 3. Sentence Enhancement

Petitioner claims the trial court erred by enhancing his sentence through the use of "testimonial discourse" in violation of Alabama Code § 13A-5-9.[5] While Petitioner provides little support for this claim, he appears to argue that the state failed to authenticate properly the prior convictions used to enhance his sentence. Doc. 1.

---

[5] Alabama Code § 13-A-5-9 details the additional sentencing penalties to which a convicted defendant is subject based on prior convictions.

On appeal of his Rule 32 petition, the Alabama Court of Criminal Appeals determined that, in addition to the exchange that occurred at Petitioner's sentencing hearing regarding application of the Habitual Felony Offender Act ("HFOA"), the record on direct appeal of Petitioner's convictions contained a copy of the minute entry for his prior conviction for first-degree receipt of stolen property, which the state used to invoke application of the HFOA at the sentencing proceedings. Doc. 7-8 at 12. The appellate court, therefore, determined the trial court had not erred in summarily dismissing Petitioner's challenge to his sentence enhancement because the state had "satisfied its burden in establishing a prior felony conviction for purposes of enhancing [Petitioner's] sentence under the HFOA." Doc. 7-8 at 12.

Petitioner bases his challenge to sentence enhancement on the state courts' determination that, under state law, the state properly proved his prior 2001 state court conviction for purposes of enhancing his sentence under the HFOA. However, Petitioner's claim is based on an alleged violation of state law that entitles him to no relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Beverly*, 854 F.2d at 412. As explained above, the Alabama Court of Criminal Appeals determined that the trial court had not erred in summarily dismissing this claim. Doc. 7-8 at 11—13. "[A] state court's interpretation of its own laws or rules provides no basis for federal habeas relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983) (citations omitted) ("Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes."). Federal courts entertaining petitions for writs of habeas corpus must follow the state court's interpretation of a state law absent a constitutional violation. *Hunt v. Tucker*, 93 F.3d 735, 737 (11th Cir. 1996) (holding that federal courts entertaining petitions for writs of habeas

corpus must follow the state court's interpretation of a state law absent a constitutional violation); *Walton v. Atty. Gen. of the St. of Ala.*, 986 F.2d 472, 475 (11th Cir. 1993) (holding that federal courts are bound by decisions of state courts that no state law has been violated). Here, Petitioner fails to show that the Alabama appellate court's construction of Alabama law violated any federal constitutionally protected right. Petitioner is therefore due no habeas relief regarding this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Julius Marks be DENIED, and that this action be DISMISSED with prejudice.

It is further ORDERED that **on or before September 13, 2016**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 23rd day of August 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE